**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.F., on behalf of K.P.S.F., ) | No. CV 23-00212-TUC-JCH (MAA) |
| Plaintiff, ) | **Amended ORDER** |
| vs. ) | |
| Tucson Unified School District; et al., ) | |
| Defendants. ) | |

On November 16, 2023, the defendants filed the pending motion to dismiss or, in the alternative, quash purported service. (Doc. 18.) They argue, among other things, that the plaintiff's purported notice of service by mail should be quashed for failure to comply with the Federal Rules of Civil Procedure and the incorporated Arizona Rules of Civil Procedure. The plaintiff did not file a response. *See* LRCiv 7.2(i). The motion to quash will be granted. The court does not reach the defendants' alternative arguments.

Previously, on August 16, 2023, this court ordered that the deadline for service be extended to October 16, 2023, pursuant to Fed.R.Civ.P. 4(m). (Doc. 15.) The plaintiff was cautioned that if he did not, by October 23, 2023, file a proof of service pursuant to Rule 4(l) or provide notice that he had requested and procured a waiver of personal service pursuant to Rule 4(d) as to each defendant, this action could be dismissed without further notice. Fed.R.Civ.P; *see also* LRCiv. 7.2(i). On October 19, 2023, the plaintiff filed what appears to be notice of service by mail. (Doc. 17.)

1. Rule 4(e) does not explicitly permit service by mail, but it does permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed.R.Civ.P. The Arizona Rules of Civil Procedure provide as follows: "If a party shows that the service provided by Rule 4.1(c) through 4.1(k)--including an alternative means of service--is impracticable, the court may, on motion and without notice to the person to be served, order that service be accomplished by publication." Ariz. R. Civ. P. 4.1(l). Service by publication is therefore permissible but only pursuant to court order on motion by a party.

2. The plaintiff did not file a motion pursuant to Rule 4.1(l), and this court did not issue an order permitting service by publication. Ariz. R. Civ. P. The plaintiff's purported notice of service by publication, therefore, must be quashed for failure to comply with Ariz.R.Civ.P. 4.1(l) and Fed.R.Civ.P. 4(e).

3. IT IS ORDERED that the defendants' pending motion filed on November 16, 2023 is GRANTED in PART. (Doc. 18.) The plaintiff's purported notice of service by publication is quashed. (Doc. 17.) The deadline for service is extended to February 1, 2024. Fed.R.Civ.P. 4(m). If the plaintiff does not, by February 8, 2024, file a proof of service pursuant to Rule 4(l) or provide notice that he has requested and procured a waiver of personal service pursuant to Rule 4(d) as to each defendant, this action may be dismissed without further notice. Fed.R.Civ.P; *see* LRCiv. 7.2(i). The deadline for service will not be extended again absent extraordinary circumstances.

DATED this 11th day of December, 2023.

Honorable Michael A. Ambri
United States Magistrate Judge