**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.F.,<br><br>    Plaintiff,<br><br>vs.<br><br>Tucson Unified School District; et al.,<br><br>    Defendants. | No. CV 23-00212-TUC-JCH (MAA)<br><br>**REPORT AND RECOMMENDATION** |

    Pending before the court is the plaintiff's Order for Default Judgment that the court construes as a motion, which was filed on February 1, 2024. Doc. 22. The court docket reflects the fact that the court construes the filing as a motion. The defendants did not file a response.

    The motion should be denied. Doc. 22. The defendants have not filed a responsive pleading, but the plaintiff has not provided proof of service. The deadline for service has passed. The action should be dismissed without prejudice.

    Background

    The plaintiff, D.F., filed a Complaint in this court on May 5, 2023. Doc. 1. The Complaint is difficult to understand. *Id.* Apparently, D.F. believes that his child is not receiving a Free Appropriate Public Education and the defendants are violating his due process rights as a parent. *Id.*, p. 11.

D.F. is appearing in this action pro se.  Doc. 4.  On May 5, 2023, the Clerk's office notified him of the resources that are available to pro se litigants in this district.  *Id.*

On August 8, 2023, this court issued D.F. an Order to Show Cause why this action should not be dismissed for failure to serve the defendants within the deadline allowed by Fed.R.Civ.P. 4(m).  Doc. 12.  In response, D.F. filed an Affidavit in Support of an Order to Show Cause.  Doc. 14.  The Affidavit did not clearly explain why service had not been accomplished.  *Id.*  Nevertheless, on August 16, 2023, this court extended the deadline for service to October 16, 2023.  Doc. 15.  D.F. was warned that this case could be dismissed without further notice if he did not file timely proof of service or a notice that he has requested and procured a waiver of service for each defendant.  *Id.*  On October 19, 2023, D.F. filed a document that appears to be a newspaper receipt for service by publication.  Doc. 17.

On November 16, 2023, the defendants filed a Rule 12(b)(4-5) Motion to Dismiss Action or Alternatively to Quash Purported Service by Publication.  Doc. 18.  On December 11, 2023, this court granted the motion in part and quashed the purported notice of service by publication.  Doc. 20.  The court explained that service by publication can only proceed on motion to the court and D.F. did not seek prior permission from the court to accomplish service by this method.  *Id.*  The court extended the deadline for service to February 1, 2024, explaining again that this action could be dismissed without further notice if the plaintiff did not timely file proof of service or a notice that he has requested and procured a waiver of service for each defendant.  *Id.*  The court further warned the plaintiff that "[t]he deadline for service would not be extended again absent extraordinary circumstances."  *Id.*

On December 19, 2023, D.F. filed a Notice to Entry of Default Judgment.  Doc. 21.  The Notice is difficult to understand.  *Id.*  Apparently, D.F. believes that, because the "second complaint was never 'answered'," a default judgment was entered in the amount of $625,000.00 on January 30, 2023.  Doc. 21, p. 1.  He further asserts that he "served" the defendants at some time between "12/09/2022 through 04/21/2023."  Doc. 21, p. 3.  The

1  Complaint in this action, however, was filed on May 5, 2023, after the alleged service. Doc.
2  1. The court concludes that this Notice is discussing matters that occurred during a different
3  proceeding.
4        On February 1, 2024, D.F. filed the pending Order for Default Judgment that the court
5  construes as a motion. Doc. 22. The filing is difficult to understand. *Id.* It appears that D.F.
6  moves for "entry of judgment," which he believes was previously "enter[ed] in the civil
7  docket" on January 30, 2023. *Id.*, p. 1. He cites to "Rule 50(b), 55, 58(a), 60, [and] 79(B)."
8  *Id.* The court considers Rule 55, which explicitly discusses default and default judgments.
9  Fed.R.Civ.P.
10
11      <u>Discussion</u>
12        The Clerk will enter default "[w]hen a party against whom a judgment for affirmative
13  relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit
14  or otherwise . . . ." Fed.R.Civ.P. 55(a). After entry of default, the court may issue a default
15  judgment against the non-defending party. Fed.R.Civ.P. 55(b)(2). The decision to enter a
16  default judgment is a matter left to the sound discretion of the court. *Aldabe v. Aldabe*, 616
17  F.2d 1089, 1092 (9th Cir. 1980).
18        In this case, the Clerk of the Court has not entered default against the defendants;
19  therefore, this court cannot grant the plaintiff's motion for default judgment. Doc. 22. And,
20  the court cannot instruct the Clerk to enter default because, while the defendants have not
21  filed a responsive pleading to the Complaint, D.F. has not provided proof of service.
22  Fed.R.Civ.P. 55(a). The pending Order for Default Judgment that the court construes as a
23  motion should be denied. Doc. 22. It does not matter if the defendants "defaulted" in a prior
24  proceeding as the plaintiff apparently believes.
25        The deadline for service has passed, but D.F. has not filed proof of service. Doc. 20.
26  This court has already extended the deadline for service twice. On August 16, 2023, the
27  deadline was extended to October 16, 2023. Doc. 15. On December 12, 2023, it was
28

1  extended to February 1, 2024.  Doc. 20.  This court warned D.F. that if he did not "by
2  February 8, 2024, file a proof of service pursuant to Rule 4(l) or provide notice that he has
3  requested and procured a waiver of personal service pursuant to Rule 4(d) as to each
4  defendant, this action may be dismissed without further notice."  *Id.*  The court notified D.F.
5  that "[t]he deadline for service will not be extended again absent extraordinary
6  circumstances."  *Id.*  Accordingly,

## RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the plaintiff's Order for Default Judgment that the court construes as a motion, which was filed on February 1, 2024.  Doc. 22.

It is further recommended that this action be dismissed without prejudice for failure to file timely proof of service in accordance with this court's order.  Doc. 20.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation.   If objections are not timely filed, the party's right to de novo review may be waived.  The Local Rules permit the filing of a response to an objection.  They do not permit the filing of a reply to a response without the permission of the District Court.

DATED this 1st day of March, 2024.

Honorable Michael A. Ambri
United States Magistrate Judge