1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9

D.F.,

No. CV-23-00212-TUC-JCH (MAA)

10

Plaintiff,

**ORDER**

11

v.

12

Tucson Unified School District, et al.,

13

Defendants.

14
15

On March 1, 2024, Magistrate Judge Michael A. Ambri issued a Report and

16

Recommendation ("R&R"), recommending that the Court deny Plaintiff's request for

17

default judgment (Doc. 22) and dismiss this matter. (Doc. 23.) Plaintiff objected to the

18

R&R. (Doc. 24.) The Court adopts the R&R and dismisses this matter without prejudice.

19

**I.    Standard of Review**

20

When a party objects to an R&R, the district court must review "de novo any part

21

of the magistrate judge's disposition that has been properly objected to. The district judge

22

may accept, reject, or modify the recommended disposition; receive further evidence; or

23

return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see*

24

*also* 28 U.S.C. § 636(b)(1).

25

Under Fed. R. Civ. P. 4(m), each named defendant must be served with the

26

summons and complaint no later than ninety (90) days from the date the complaint is

27

filed, unless a waiver of service is obtained under Fed. R. Civ. P. 4(d). To inform the

28

district court a defendant has been served, whomever served the defendant with the

summons and the complaint must file an affidavit with the district court demonstrating that service was effectuated in accordance with Fed. R. Civ. P. 4(1). It is a plaintiff's responsibility to ensure that the person who served the summons and the complaint on each defendant has filed an affidavit on the record showing proper service has occurred before the ninety (90) days have passed from the filing of the complaint. *See generally* Fed. R. Civ. P. 4. The district court may dismiss a matter without prejudice for failure to timely serve after providing notice to the plaintiff. Fed. R. Civ. P. 4(m).

**II.    Procedural History**

The Magistrate Judge issued an order to show cause on August 8, 2023, requiring that Plaintiff show why this matter should not be dismissed for failure to serve. (Doc. 12.) Despite Plaintiff's unclear explanation (Doc. 14), the Magistrate extended the deadline to serve to October 16, 2023, and warned Plaintiff failure to properly serve the complaint could lead to dismissal. (Doc. 15.) Still Plaintiff did not provide proper proof of service, only a newspaper receipt. (Doc. 17.) The Magistrate Judge did not accept this form of service, but again extended the deadline to serve to February 1, 2024. (Doc. 20.) The Magistrate again warned Plaintiff failure to file proper proof of service would lead to dismissal. (*Id.*) Instead of filing proof of service, on February 1, 2024, Plaintiff filed a motion entitled Order for Default Judgment. (Doc. 22.)

**III.    Magistrate's R&R**

The Magistrate Judge's R&R noted Plaintiff had failed to provide proof of service, despite the Court's multiple extensions and warnings that failure to do so would lead to dismissal. (Doc. 23.) The Magistrate Judge construed the Order for Default as a motion and recommended that this Court deny the motion and dismiss this matter without prejudice for failure to serve and failure to follow a court order. (*Id.*)

**IV.    Discussion**

Plaintiff's objections do not undermine the Magistrate Judge's determination. First, Plaintiff appears to argue default judgment is proper because Defendants have not answered or litigated this matter. (Doc. 24 at 1.) However, Plaintiff has not explained

how the Magistrate Judge erred concluding that Defendants were not required to answer because Plaintiff failed to provide proof of service. Plaintiff then appears to argue that he served Defendants' attorney multiple times. (*Id.* at 1-2.) But again, Plaintiff has provided no proof of service. Next, it appears Plaintiff claims that with numerous defendants, the Court could waive service of a defendant's pleadings on other defendants. (*Id.* at 2.) However, even if the Court had ordered to allow this waiver—which it did not—Federal Rule of Civil Procedure 5(c) waives service of a defendant's filings on other defendants. It would not bypass Plaintiff's duty to file proof of service of the complaint. In addition, Plaintiff alleges that he is entitled to default judgment because the "original judgment was entered on 01/30/2023 by admission through counsel that the second complaint was never 'answered.'" (*Id.*) This argument fails because this matter was filed in May 2023—after the purported judgment issued. Finally, Plaintiff lists a series of events he believes present special circumstances. (*Id.* at 3.) These events do not explain why he failed to (1) properly serve Defendants or (2) follow the district court's orders.

In sum, none of Plaintiff's objections show the Magistrate Judge's recommendation was in error.

Accordingly, IT IS ORDERED:

1. The R&R is ADOPTED. (Doc. 23.)

2. Plaintiff's Order for Default Judgment—construed as a motion for default judgment—is DENIED. (Doc. 22.)

3. This matter is DISMISSED WITHOUT PREJUDICE.

4. The Clerk of Court shall docket accordingly and close the case file in this matter.

Dated this 3rd day of April, 2024.

John C. Hinderaker
United States District Judge